IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ROBERT ANTHONY WILLIAMS, #364861, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> STATE OF TENNESSEE, ) <br> ) <br> Respondent. ) | No. 1:15-cv-0048 <br> Senior Judge Haynes |

## MEMORANDUM

Robert Anthony Williams, a prisoner in state custody,[1] has filed an amended *pro se* petition for the writ of habeas corpus under 28 U.S.C. §§ 2254 and 2241 (Docket Entry No. 11), challenging the revocation of his parole by the Tennessee Board of Probation and Parole ("Board") after his sentence had already expired. Respondent opposes relief on the basis that Petitioner did not exhaust his state-court remedies.

According to Petitioner's own account, Petitioner was sentenced in the Knox County Criminal Court to twelve years in prison in May of 2003. (Docket Entry No. 11, at 6.) Petitioner was later paroled, but that parole was revoked by the Board after a hearing held on December 18, 2014. *Id.* at 1. Petitioner appealed that decision that was affirmed on March 23, 2015. *Id.* at 2.

Petitioner filed a state petition for the writ of habeas corpus in the Davidson County Circuit Court on June 4, 2014. (Docket Entry No. 27-1, at 1.) On June 17, 2014, that Court entered an order (Docket Entry No. 27-1, at 5) directing Petitioner to comply with Tenn. Code

---

[1] The petitioner was in custody at the time his petition was filed. It appears he has now been released from prison, but it is unclear whether he remains under supervision.

Ann. § 41-21-801 *et seq.* pertaining to lawsuits by inmates. More specifically, the order reflects that Petitioner had not filed a pauper's oath or a financial affidavit, as required by Tenn. Code Ann. § 41-21-805, or submitted partial payment of the $284.50 filing fee as required by Tenn. Code Ann. § 41-21-807. The order directed Petitioner to comply with those requirements within 20 days of the date of the order and warned him that failure to comply with the order would result in dismissal of the case. The order was served upon Petitioner at the Arkansas institution in which he was incarcerated at that time. *Id.* at 6.

The state court entered another order on July 8, 2014 giving Petitioner another twenty days to comply with the same requirements set forth in the first order. (Docket Entry No. 27-1, at 7.) The order was again served upon Petitioner at the institution in Arkansas. *Id.* at 8. Because Petitioner failed to comply with either order, the state court dismissed his petition by order entered August 14, 2014. (Docket Entry No. 27-1, at 9.) The deputy clerk certified that she mailed a copy of that order to Petitioner on that date. *Id.* at 10. The court re-entered the same order on August 26, 2015. (Docket Entry No. 27-1, at 11.)

Thereafter, on September 11, 2014, Petitioner submitted to the court his financial affidavit and motion to proceed *in forma pauperis*, along with a motion asking the court to rescind the order of dismissal. (Docket Entry No. 27-1, at 13–17.) In his motion, Petitioner explained that, since the filing of his petition on June 4, 2014, he had only received the order dated August 26, 2014. The record submitted by Respondent does not reflect that the state court took any action in response to the late-filed motion. Likewise, the record does not reflect that Petitioner appealed the dismissal of his petition or followed up on his effort to have his case reinstated. Instead, Petitioner filed his action in this Court on or around June 4, 2015. (Docket

Entry No. 1.)

Under 28 U.S.C. § 2254, a federal court may not grant a prisoner's petition for the writ of habeas corpus unless the prisoner has exhausted available state remedies by fairly presenting the same federal claim sought to be redressed in a federal habeas court to all levels of state-court review. *See* 28 U.S.C. § 2254(b), (c); *Baldwin v. Reece*, 541 U.S. 27, 29 (2004); *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987). In Tennessee, exhaustion extends to appeals to the Tennessee Court of Criminal Appeals. *See Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) ("By its terms, Rule 39 [of the Tennessee Supreme Court Rules] dictates that once the Court of Criminal Appeals has denied a claim of error, 'the litigant shall be deemed to have exhausted all available state remedies available for that claim.'" (quoting Tenn. S. Ct. R. 39)). Absent unusual or exceptional circumstances, a district court should dismiss a federal habeas petition with unexhausted claims. *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012).

In Tennessee, persons dissatisfied with a decision of a governmental board may obtain judicial review by petition for common-law writ of certiorari. *See Himes v. Tenn. Dep't of Corrs.*, M2011-02546-COA-R3CV, 2012 WL 7170480, at *2 (Tenn. Ct. App. Dec. 6, 2012); *Long v. Tenn. Bd. of Prob. & Parole*, 143 S.W.3d 787, 793 (Tenn. Ct. Crim. App. 2004). Through the writ of certiorari, a petitioner may seek a determination of whether the Board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. *Hopkins v. Tenn. Bd. Of Paroles & Prob.*, 60 S.W.3d 79, 82 (Tenn. Ct. App. 2001). The petition for a writ of certiorari must be filed within 60 days of the entry of judgment by the Board. Tenn. Code Ann. § 27-9-102. If the defendant is dissatisfied with the initial decision on the petition for a writ of certiorari, he or she may continue the appeal through the state courts.

Here, even if Petitioner's state petition for the writ of habeas corpus were the proper avenue for relief, that petition was not submitted within 60 days after the Board's decision became final. Moreover, even if that petition were deemed timely, Petitioner failed to pursue an appeal after it was dismissed. Consequently, any claim in his state petition was not properly exhausted in the state court.

Although it appears that a state petition would no longer be timely or permitted under state law, the Court will dismiss the petition in this Court without prejudice to Petitioner's ability to attempt to exhaust his remedies in the state court.[2]

An appropriate order is filed herewith.

ENTERED this the 29th day of February, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge

---

[2] In his most recent submission to this Court, mailed on January 15, 2016, Petitioner stated that he was, at that time, scheduled to be released in "2 to 3 weeks" and provided an alternate address.