# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| ROBERT ANTHONY WILLIAMS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> STATE OF TENNESSEE, ) <br> ) <br> Respondent. ) | No. 1:15-cv-00048 <br> Senior Judge Haynes |

## ORDER

By Order entered February 29, 2016, the Court dismissed this action and determined that a Certificate of Appealability should not issue. (Docket Entry No. 39). Subsequently, Petitioner filed a notice of appeal on March 17, 2016 (Docket Entry No. 43). The Court entered an Order (Docket Entry No. 44) directing Petitioner to submit the $505.00 appellate filing fee or to submit a properly completed motion for pauper status.

Before the Court are Petitioner's following motions: "Motion to Appeal, Motion for Judicial Review, Motion to Amend 1983 Civil Action to Class Action, Motion to Proceed In Forma Pauperis, Request for Appointment of Counsel" (Docket Entry No. 47); "Motion for Pauper Status" (Docket Entry No. 48); "Motion for Pauper Status on Appeal" (Docket Entry No. 49), accompanied by Petitioner's financial affidavit (Docket Entry No. 50); and motion for subpoena of records (Docket Entry No. 51).

Generally, "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985); Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d 1007, 1013 (6th Cir. 2003) ("It is established that 'the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals,' but

that the 'district court retains jurisdiction to proceed with matters that are in aid of the appeal.'") (citation omitted); Lewis v. Alexander, 987 F.2d 392, 394 (6th Cir. 1993) ("As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court."). Here, the Court construes Petitioner's "Motion to Appeal, Motion for Judicial Review, Motion to Amend 1983 Civil Action to Class Action, Motion to Proceed In Forma Pauperis, Request for Appointment of Counsel" (Docket Entry No. 47) as a motion to alter or amend judgment. Petitioner's motion to alter or amend judgment addresses aspects of this action involved in the appeal. Accordingly, Petitioner's "Motion to Appeal, Motion for Judicial Review, Motion to Amend 1983 Civil Action to Class Action, Motion to Proceed In Forma Pauperis, Request for Appointment of Counsel" (Docket Entry No. 47) is **DENIED** for lack of jurisdiction.

Having determined that a Certificate of Appealability should not issue in this action, for the same reasons, the Court concludes that an appeal would not be brought in good faith. 28 U.S.C. § 1915(a)(3). Accordingly, Petitioner's "Motion for Pauper Status on Appeal" (Docket Entry No. 49) is **DENIED without prejudice** and Petitioner's "Motion for Pauper Status" (Docket Entry No. 48) and motion for subpoena of records (Docket Entry No. 51) are **DENIED as moot.**

Petitioner may file his motion for in forma pauperis status in the Sixth Circuit under Fed. R. App. P. 24(a)(5). The Clerk is **DIRECTED** to furnish a copy of this Order to the Sixth Circuit Court of Appeals.

It is so **ORDERED.**

ENTERED this the _11_ day of July, 2016.

William J. Haynes, Jr.
Senior United States District Judge